## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAFETE TUCKER** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-3818** |
| **TANGIPAHOA PARISH SCHOOL BOARD, ET AL** | **SECTION: "T" (4)** |

### ORDER AND REASONS

Before the Court is a **Motion for Expedited Hearing on Motion to Quash Subpoena (doc.#37)** filed by a nonparty, Janice King Gardner, seeking an expedited hearing on her **Motion to Quash Subpoena**.  The defendants, Tangipahoa Parish School Board and Local Workforce Investment Area 20 ("LWIA-20") filed an opposition memorandum.  The motion to expedite is granted, and the Court turns to the underlying motion.

**I.      Background**

According to the complaint, Tucker was hired as a case manager by the defendants, Tangipahoa Parish School Board and LWIA-20 on January 10, 2007.  He contends that his supervisor, Rory Hayden, subjected him to racial harassment.  He further contends that he reported the harassment to his supervisors and was then placed on leave without pay for no legitimate reason

According to the complaint, after he filed charges with the EEOC and LCHR, the defendants began investigating him and publicly accused him of criminal activity.  He contends that at his pretermination notice meeting, he was given little or no chance to respond.  He further contends that he was unlawfully terminated in February of 2006.  He seeks damages under federal and state anti-

discrimination statutes as well as for due process violations and other state law claims.

The defendants answered denying liability.  They further contend in their answer that he was placed on leave because of a federal, state, and local investigation into wrongdoing by Tucker in his position with LWIA-20.

On June 22, 2007, the defendants issued a subpoena to Janie King Gardner for a deposition on June 29, 2007.  Gardner filed the subject motion seeking to quash the subpoena on June , 2007.

**II.     Standard of Review**

Rule 45 governs the issuance of subpoenas.  It provides that on timely motion, the court which issues the subpoenas shall quash or modify the subpoena if it fails to allow reasonable time for compliance, requires disclosure of privileged or other protected matter, or otherwise subjects a person to undue burden.  FED. R. CIV. P.(c)(3)(A)(i), (iii), (iv).   It further provides that "if the person's attendance is commanded," then the serving party must tender "the fees for one day's attendance and the mileage allowed by law" when service is made.  FED. R. CIV. P. (b)(1).

**III.    Analysis**

Gardner contends that the defendants failed to comply with the rules when serving the subpoena.  Specifically, she contends that less than seven days notice is insufficient to comply with the reasonable notice requirement of the rule and that the defendants failed to tender the witness fee. She further contends that the United States Attorney's office has advised her criminal attorney that she will be indicted in connection with an ongoing investigation relating to individuals paid through the Work Force Investment Act.   She seeks to invoke her privilege against self-incrimination and not give sworn testimony in any way related to the subject of a ongoing federal investigation which apparently involves the LWIA-20.  Thus, she also seeks to quash the subpoena on the basis that it

could require the disclosure of privileged or other matters.

The defendants concede that Gardner was not provided the requisite witness fee, but will pay the fee upon her appearance at the deposition.  They also contend that they began requesting dates for Gardner's deposition  from Tucker's attorney in May of 2007.  They contend that it was not until June 21, 2007, that Tucker's attorney indicated that she could not guarantee Gardner's appearance at a deposition absent a subpoena.  They note that they served the subpoena the next day.  Finally, they indicated they have no information regarding Garner's assertion of her impending indictment, but contend that if this Court quashes the subpoena, then Gardner should be precluded from testifying at trial.

The Court notes that the subpoena suffers from several defects.  First, service of the subpoena was improper because no witness fee or mileage fee was tendered with service.  The Rule is clear and "requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."  *In Re Dennis*, 330 F.3d 696, 204 (5th Cir. 2003).  The Rule makes no provision for serving a subpoena and promising to pay the fee later.

Second, Gardner was given only six days notice of the deposition.  Six days notice is not reasonable.  *See Great Am. Ins. Co. v. McElwee Brothers, Inc.*, CIV.A.03-2793, 2004 WL 574749, at *1 (E.D.La. March 19, 2004) (concluding that six days is not reasonable notice).  Although the defendants seek to place the blame for this lack of reasonable notice on Tucker's attorney, the "attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to a subpoena."  Fed. R. Civ. P. 45(c)(1).  Here, no such steps were taken by the defendants.

Finally, the Court notes that the deadline for discovery in this matter was June 22, 2007.

(*See* Rec. Doc. No. 20).  Although the defendants provided correspondence indicating that the parties had agreed to extend the deadline for certain depositions, no such agreement was reached for Gardner.  Thus, the subpoena issued by the defendants is untimely.  The Court concludes that for these reasons, the subpoena must be quashed.[1]

Accordingly,

**IT IS ORDERED** that the **Motion for Expedited Hearing on Motion to Quash Subpoena (doc.#37)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Quash Subpoena** is **GRANTED**.

New Orleans, Louisiana, this  3rd   day of July 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court does not address the defendants' request to preclude Gardner from testifying because such a motion must be brought before the District Court, not this Court.

4